MANUEL MARRERO MARRERO, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 942.   Submitted January 18, 1935.—Decided January 30, 1935.

*José E. Díaz* for appellant.   The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

Manuel Marrero Marrero presented for record to the Registry of Property of San Juan, Second Section, a certificate of purchase issued by the Collector of Internal Revenue of Vega Baja.  The registrar recorded the same subject to various mortgages mentioned in the registry.  The appellant maintains that the record should have been made free of all encumbrances by virtue of section 347 of the Political Code. This section speaks of the right of redemption and says that

if the redemption provided for is not exercised within a year the record should be made free of encumbrances.

The registrar relied on section 315 of the Political Code and says that the certificate failed to show that the recorded mortgagees were notified of the tax sale as provided. At the end of section 315 the following appears:

"In all cases where real estate is embargoed and sold for the payment of taxes the Treasurer of Porto Rico shall notify all persons having a mortgage or other lien on said property of record of such sale and in such notice shall state the date of the sale, the amount for which the property was sold, and such other facts as he may deem advisable."

The question is not new before this court as shown by the citations of the registrar. In *Fernández et al.* v. *Olivencia et al.*, 19 P.R.R. 317, we held in effect that statutes like section 315 there involved were designed for the protection of citizens and that it was essential to the validity of a tax sale, that there should be a strict compliance with the directions of the statute, both in relation to the observance of any conditions precedent and conditions subsequent to the sale, citing various cases.

In *Salgado* v. *Registrar of Property of San Juan*, 26 P.R.R. 157, we drew attention to the fact that the party who sought the record free of encumbrances could not rely on the presumption that an official had complied with his duties. That such presumption could not be relied to prove an essential fact but merely for the details, but all steps necessary for the validity of the sale must be positively shown, citing cases.

This last case was followed in *Mengell* v. *Registrar of Mayagüez*, 31 P.R.R. 320.

Section 347 is only available if the conditions of section 315 have been observed.

The decision of the registrar will be affirmed.